AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Massachusetts

| | |
|---|---|
| IN RE APPLICATION OF CYBEREASON INC. AND CYBEREASON LABS LTD. FOR AN ORDER PERMITTING ISSUANCE OF SUBPOENAS TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. § 1782 | Case No. _____ |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Jonathan Shelmerdine

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Goodwin Procter LLP<br>100 Northern Avenue<br>Boston, MA 02210 | Date and Time:<br>9:00 am; 14 days from service of this subpoena |
|---|---|

The deposition will be recorded by this method: Stenographer and videographer

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Schedule A. Documents shall be produced within 7 days prior to deposition date.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____   _____
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Cybereason, Inc. and Cybereason Labs Ltd , who issues or requests this subpoena, are:

Mark Tully, Goodwin Procter, 100 Northern Avenue, Boston, MA. 02210; Telephone: 6217-570-1289

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

### Definitions and Instructions to Shelmerdine

1. As used in these Requests, the terms "You" or "Your" shall mean Jonathan ("Yonni") Shelmerdine and his current and former affiliates, agents, representatives, accounts, attorneys, employees, and any person acting on their behalf or under their control.

2. As used in these Requests, "SentinelOne" means SentinelOne, its present and past affiliates, subsidiaries, predecessors, successors, principals, agents, representatives, attorneys, directors, officers, temporary employees, employees, all persons now or previously under its control, and all persons presently or previously acting or purporting to act on its behalf.

3. In responding to these Requests, you are to include all documents and tangible things in your actual or constructive possession, custody, or control.

4. Each request for documents seeks production of the document in its entirety, without abbreviation, redaction or expurgation, including all attachments or other matters affixed thereto and all drafts thereof and copies thereof containing handwritten notes.

5. If any document covered by these Requests is withheld by reason of the attorney-client privilege, work product protection, or any other claimed privilege or protection, a list is to be furnished at the time that documents are produced identifying any such document for which the privilege or protection is claimed, together with the following information with respect to any such document withheld: date, sender, recipient and persons to whom copies were furnished and the identity of any person, general subject matter, basis on which privilege or protection is claimed, and the paragraph of these Requests to which such document relates.

6. In the event that any document or tangible thing called for by these Requests is no longer in your possession, or subject to your control, or is no longer in existence, identify the document and/or tangible thing and state whether it (i) has been destroyed or deleted; (ii) has

been lost, misplaced, or stolen; or (iii) is no longer in your possession, custody, or control, in which case the name and address of any person believed by you to have possession, custody, or control of that tangible thing or category of tangible things should be identified.  In each such instance, explain the circumstances surrounding the disposition of the requested tangible things and the identity of all persons who you believe may have knowledge of such disposition.

7. As used in these Requests, the term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Rule 34(a) of the Federal Rules of Civil Procedure.  You are required to produce any "document" that is in your possession, custody, or control.  A draft or non-identical copy is a separate document within the meaning of this term.

8. As used in these Requests, the term "communication" means any transmittal of any information in the form of facts, ideas, opinions, inquiries or otherwise.

9. As used in these Requests, the term "concerning" means referring to, describing, offering evidence of, or consulting.

10. All documents are to be produced as they are kept in the usual course of business, so that Plaintiffs can ascertain the file in which they were located, their relative order in such files, and how such files were maintained.  Additionally, documents produced for inspection shall be labeled to correspond with the categories in the request.  To the extent that any of the information sought by these Requests is maintained in an electronic format and otherwise is provided in an alternate medium, please so indicate in your response.

**Documents and Tangible Things Requested**

1. All communications by You or anyone acting on Your behalf with SentinelOne employees, officers or directors, or SentinelOne's attorneys or agents, or anyone acting on their behalf, within the last twelve (12) months. This should include any documents and/or information concerning Cybereason Inc. and/or its subsidiary Cybereason Labs Ltd. (together, "Cybereason") transmitted or exchanged between You and SentinelOne.

2. All documents and communications concerning Your employment, or potential employment, with SentinelOne, including without limitation any offer letters, job descriptions, employment agreements, responses thereto, and any drafts of the foregoing.

3. All documents concerning Cybereason, including but not limited to all documents concerning communications with Cybereason, and all documents concerning Cybereason's customer lists, customer contact information, customized customer specifications, client pitches, slide decks, trade show materials, product development roadmaps, pricing methods for customer contracts, renewal and expiration dates for customer contracts, sales and marketing plans, and corporate strategies, as non-public, confidential, or proprietary.

4. All communications by and between You and any former, current, or prospective Cybereason customer and/or employee concerning SentinelOne, including but not limited to, all phone-related records, call logs, text messages, and emails.

5. All documents and things, including, but not limited to, all hard drives, USB drives, electronic devices, CDs, DVDs, or other external and/or detachable storage media device, that You ever used (or use) to copy or transmit information from any device, or network (including phones, blackberry, tablets, desktop computers, laptop computers, servers, or

databases) that You used in connection with Your employment at Cybereason or that was issued to You by Cybereason.

6. All documents and things, including, but not limited to, all hard drives, USB drives, electronic devices, CDs, DVDs, or other external and/or detachable storage media device, that You ever used (or use) to copy or transmit information belonging to Cybereason, including but not limited to the Kingston DataTraveler You used in connection with your Cybereason-issued laptop on April 5, 2020.

7. All documents concerning analysis done of any device that You used in connection with Your employment at Cybereason or that was issued to You by Cybereason.

Respectfully submitted,

CYBEREASON

By its attorneys,

/s/ Mark E. Tully
Mark E. Tully (BBO# 550403)
Kate E. MacLeman (BBO# 684962)
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, Massachusetts  02210
Tel.:  617.570.1000
Fax.:  617.523.1231
mtully@goodwinlaw.com
kmacleman@goodwinlaw.com

Dated:  April 27, 2020